In re COLLINS' ESTATE.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

1. TRANSFER TAX—APPLICATION FOR ORDER DECLARING ESTATE EXEMPT—NO-
    TICE TO COMPTROLLER.
        Under Tax Law, Laws 1896, pp. 871, 873, 874, 875, 878, c. 908, §§ 225,
    229, 230, 231, 232, 235, and section 230a, c. 173, p. 388, Laws 1901, relative
    to transfer tax and its collection, and section 231, providing that where.
    there is an appraisal notice of the time and place thereof must be given
    to the State Comptroller, the comptroller must be given notice of a pe-
    tition by an administrator asking for an order declaring the estate ex-
    empt from the transfer tax.

2. SAME—SUFFICIENCY OF PETITION.
        Where a petition by an administrator for an order declaring the estate
    to be exempt from the transfer tax merely showed that the property to
    be administered did not exceed $10,000 in value, but did not state that
    there was no real estate subject to transfer tax, under Laws 1896, p.
    869, c. 908, § 221, as amended by Laws 1903, p. 165, c. 41, making the
    transfer of real property of the value of $10,000 to lineal descendants
    taxable, the petition was insufficient to justify the granting of an order
    declaring the estate exempt.

3. COSTS—UNOPPOSED MOTION.
        Costs should not be imposed upon a moving party by an order denying
    a motion not opposed by counsel for the adverse party.

4. SAME—APPEAL.
        On reversal of an order denying a motion to which no opposition was
    made, appellant is not entitled to recover costs.

Appeal from Surrogate's Court, Kings County.

The administrator with the will annexed of Edward A. Collins,
deceased, petitioned the Surrogate's Court for an order declaring
the estate to be exempt from the transfer tax.   The petition was
granted, and from an order denying a motion by the State Comp-
troller to vacate the order the State Comptroller appeals.   Re-
versed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
RICH, and MILLER, JJ.

Frank Julian Price (Leonard B. Smith, on the brief), for appel-
lant.

WILLARD BARTLETT, J.   Edward A. Collins, the testator in
this proceeding, who was a resident of Kings county, died on the
3d day of August, 1903, at which time the amendment to the tax
law had taken effect making the transfer of real property of the
value of $10,000 or more to lineal descendants taxable at the rate of
1 per centum upon the clear market value of such property.   Laws
1896, p. 869, c. 908, § 221, as amended by Laws 1903, p. 165, c. 41,
in effect March 16, 1903.   In November, 1904, the administrator
with the will annexed petitioned the Surrogate's Court of Kings
county for an order declaring the estate to be exempt from the
transfer tax.   His petition showed that the "property to be admin-
istered" or "property subject to administration" did not exceed
$10,000 in value, but it contained no statement as to whether the

decedent left any real property or not. Upon this petition, without notice to the State Comptroller, the Surrogate's Court granted the order appealed from, declaring the estate to be exempt from any transfer tax. The first, and perhaps the most important, question presented by this appeal is whether such an order ought to have been made in the absence of notice to the Comptroller of the State.

I have not been able to find any provision in the tax law which expressly empowers the Surrogate's Court to grant an order of exemption. That such an order may properly be made, however, in a proceeding to appraise the estate of a decedent for the purposes of the transfer tax can hardly be doubted in view of the language of section 229 (Laws 1896, p. 873, c. 908), which declares that the Surrogate's Court shall have jurisdiction to hear and determine all questions arising under the provisions of the article relating to taxable transfers, and to do any act in relation thereto authorized to be done by a surrogate in other matters or proceedings coming within his jurisdiction. The question here is, however, whether in an independent proceeding, not having for its purpose an appraisal of the estate, and not contemplating any action at all by way of appraisement, the surrogate can grant an order of exemption upon proof by the representative of the estate tending to show that it is not subject to any transfer tax, and without any notice to the State Comptroller, or any opportunity on his part to be heard in reference to the issue of taxability. The learned counsel who appears for the State Comptroller on this appeal insists that, even if there be an implied power in the surrogate to make such an order under the provisions of section 229 of the tax law, there is an equally clear implication in other provisions of that statute which forbids him from taking any such action until the comptroller has been notified of the application. I think that this view is correct. The provisions in regard to the functions and duties of the State Comptroller contained in sections 225, 229, 230, 230a (added by chapter 173, p. 388, Laws 1901), 231, 232, and 235 of the tax law (Laws 1896, pp. 871, 873, 874, 875, 878, c. 908) indicate a clear intent on the part of the Legislature to make the State Comptroller (in those counties where he acts in place of the county treasurer) an interested party in all proceedings under that statute having for their purpose the determination of the question whether the estate of a decedent is or is not subject to a transfer tax. Section 231 expressly requires that, where there is an appraisal, notice of the time and place thereof must be given to the State Comptroller. If an effective order of exemption can be made without notice to the State Comptroller, it would seem that the state might thus be barred of all right to enforce or recover any transfer tax by the ex parte action of the surrogate. I do not think that the procedure established by the tax law was designed to permit any such result. But, even though the lack of notice be not deemed a jurisdictional defect, it seems to me that it should be regarded as an objection which is fatal to the order upon a direct review thereof by appeal. In any event, it is plain that the comp-

troller's motion to vacate this order of exemption should have been granted on the merits. The administrator's petition, which constituted the only evidence upon which the order of exemption was made, is insufficient to support that order; for it related only to the personal property of the decedent, and contained no proof that he did not die seised of real estate liable to taxation under the amendment of 1903, to which reference has already been made. Laws 1903, p. 165, c. 41. In the papers upon which the State Comptroller moved to vacate the order of exemption was an affidavit of the attorney representing him in Kings county, to the effect that, as he was informed and believed, the decedent died seised of real estate, and that the sources of the affiant's information and the grounds of his belief were the records of the Surrogate's Court. The statements in this affidavit were not controverted. Indeed, the counsel for the administrator with the will annexed made no opposition to the comptroller's application to vacate the order of exemption, as expressly appears in the order under review; and yet the learned surrogate denied the motion, with $10 costs. It seems to me that costs should not be imposed upon a moving party by an order denying a motion that is not opposed by counsel who appear in behalf of the party against whom the application is made. The order appealed from should be reversed, and the motion to vacate the order of exemption granted. This, however, must be without costs in this court, as we cannot mulct the administrator with the expenses of an appeal in reviewing the action of the surrogate in refusing to grant the motion to which that administrator made no opposition.

Order of the Surrogate's Court of Kings county reversed, without costs, and motion to vacate order of exemption granted, without costs. All concur.