In the Matter of the Estate of ELISABETH LUTHER CARY, Deceased.

Surrogate's Court, Kings County, May 10, 1940.

*Harry M. Peyser*, for the State Tax Commission, for the motion.

*Cullen & Dykman* [*Joseph K. Ryan* of counsel], for the Brooklyn Trust Company, as executor, etc., opposed.

WINGATE, S. Article 10-C of the Tax Law imposes two potential taxes upon a decedent's estate. The first, and most generally applicable, is predicated on the familiar elements of the gross assets (§ 249-r), less the permissible deductions (§ 249-s), multiplied by the applicable rate of tax (§ 249-n), less the exemptions authorized by reason of certain classes of recipients (§ 249-q).

There is, however, an additional potential tax liability imposed by the next to last paragraph of section 249-n, which reads: " Notwithstanding any of the foregoing provisions of this section or any other provision of this article, there shall be imposed upon the transfer of the net estate of every person who at the time of death was a resident of this State, a tax equal to the maximum credit allowable to the estate of such decedent against the United States estate tax imposed with respect thereto."

This refers to the credit of eighty per cent of the sums paid for estate taxes to any State under section 301 (c) of the Federal Revenue Act of 1926 (44 U. S. Stat. at Large, chap. 27, § 301; U. S. Code, tit. 26, § 1093).

The distinct and separate natures of these two State taxes is impliedly recognized in section 249-w of the Tax Law, which, after making provision for the determination of the usual variety of tax,

enacts that "Such determination may be made without regard to the provisions of the next to last paragraph of section two hundred forty-nine-n of this article if the final determination of the United States estate tax has not been made, but if it shall appear by such final determination, when made, that an additional tax is impossible because of the provisions of such paragraph, the surrogate shall make a supplemental determination of the amount of such additional tax."

That a judicial determination of the existence and extent of taxes which may be payable in respect of the devolution of the assets of an estate is of vital interest to the State taxing authorities is self-evident. That it is no less important to the persons succeeding to the ownership of portions of the assets and to the fiduciaries is evident from the provisions of section 249-bb, which enacts that "Every such tax shall be and remain a lien upon the property transferred until paid * * * and the executor of every estate shall be personally liable for such tax until its payment." Obviously if, in fact, any tax of either of the two varieties is due to the State, property of the estate is incapable of complete and valid transfer until its solution has been effected. It follows that there is a cloud upon its title until an adjudicated tax has been paid, or a determination made that no liability for tax exists, and this applies equally to each of the two varieties of tax which are potentially imposed by the statute.

So far as the potential personal liability of the estate fiduciary is concerned, he may, if he is willing to assume the risk, make his own determination as to the actual existence of a tax liability. His duty to the assets of the estate and those interested therein requires, however, that he shall assure their salability to the best advantage which involves the obligation of securing a determination that no tax lien rests upon them, if this is the fact.

The forum where such determination may be obtained is not left in doubt. Section 249-t expressly confers on the Surrogate's Court having authority to issue letters in respect of an estate "jurisdiction to hear and determine all questions arising under the provisions of this article, including specifically, but without limitation, jurisdiction to finally determine the amount of the tax imposed by this article."

Respecting the scope of substantially identical language contained in article 10 of the Tax Law, it was stated in *Matter of Collins* (104 App. Div. 184, 185): " I have not been able to find any provision in the Tax Law which expressly empowers the Surrogate's Court to grant an order of exemption. That such an order may properly be made, however, in a proceeding to appraise the estate of a

decedent for the purpose of the transfer tax can hardly be doubted in view of the language of section 229 of said Tax Law * * * which declares that the Surrogate's Court shall have jurisdiction to hear and determine all questions arising under the provisions of article 10 of said statute, relating to taxable transfers."

That persons interested in securing an adjudication of the non-liability of estates to the first variety of tax imposed by article 10-C of the Tax Law habitually institute proceedings for the purpose of securing adjudications that no liability exists in this regard, is familiar daily practice. There is no reason in law or logic why they should be foreclosed from similar relief in respect of the second potential tax imposed by the next to the last paragraph of section 249-n.

This is precisely what occurred in the present case. In August, 1937, the first variety of tax upon this estate was fixed by *pro forma* order from which no appeal was taken. The Federal estate tax was later determined and the eighty per cent credit ascertained. Thereupon, in May, 1939, the estate, on due notice to the State Tax Commission, moved for a determination that no liability existed in respect of the second potential variety of tax. This motion was not opposed, and this court thereupon entered an order which, so far as presently pertinent, read: " Ordered, adjudged and decreed that there is no additional tax due the State of New York under section 249-n of the Tax Law."

The Tax Commission has now moved to vacate this order on the sole ground that this court lacked jurisdiction to make it. It adopts the legalistic attitude that the language of section 249-w, hereinbefore quoted, authorized a determination that an additional tax exists and not one that none is due. By reason of the express authority, hereinbefore noted, conferred by section 249-t, the court is satisfied that it had ample jurisdiction fully to determine all questions of the extent of the tax liability of this estate which must include the power to perform this essential service on behalf of those interested in the estate property of holding it to be exempt from this second variety of tax. The motion will, accordingly, be denied. In so far as the order in question repeated verbatim portions of the previous order fixing the primary tax, it was surplusage and without effect.

Enter order on notice in conformity herewith.