In the Matter of the Transfer Tax upon the Estate of Paul Pincus, Deceased.

The County Trust Company of White Plains, New York, as Trustee under the Last Will and Testament of Paul Pincus, Deceased, Petitioner, Appellant; State Tax Commission, Respondent.

First Department, May 29, 1936.

*Robert P. Smith* of counsel [*Joseph A. Mitchell* with him on the brief], for the appellant.

*John J. Buckley* of counsel [*Edgar Hirschberg*, attorney], for the respondent.

MARTIN, P. J. Paul Pincus died a resident of Bronx county on October 6, 1928. After his last will and testament had been admitted to probate and on May 6, 1930, an order was entered assessing tentatively the contingent remainder of the residuary estate in which the widow had a life interest. Section 233 of article 10 of the Tax Law makes provision for composition of the transfer tax on an estate of this character. The trustee and executor moved for a composition of the tax in accordance with said section. The motion was made returnable in the Surrogate's Court of Bronx county on December 12, 1934, and the papers were duly filed and the motion submitted on behalf of the petitioner and the State Tax Commission on that day. Before the determination of the motion and on December 19, 1934, the widow died. The issue here presented is whether the petitioner sufficiently evidenced an intention to elect in accordance with section 233. That section reads, in part, as follows: " In every case where an election is made to pay the tax pursuant to this section, such election shall be evidenced by a petition filed with the surrogate."

The section prescribes no particular form of petition. It has been considered, however, in *Matter of Sheedy* (N. Y. L. J. Oct. 17, 1930, p. 306) and again in *Matter of Hutchins* (138 Misc. 355). The essentials of the petition are set forth in the opinions of the surrogates in those matters. Compliance with form is helpful to the administrative authorities. The substantial matter here under review is the question of a proper election. The petition itself

recites: " That your petitioner hereby elects that said property so transferred contingently taxed as aforesaid, be taxed pursuant to the provisions of Section 233 of the Tax Law of the State of New York as Amended by Chapter 711 of the Laws of 1930 and that it pays in full satisfaction of all the transfer tax due or to become due upon the transfer of such property, an amount to be determined as in such section provided." This language unequivocally expresses an intention to elect.

On the subject of election the case of *Albertina Realty Co.* v. *Rosbro Realty Corp.* (258 N. Y. 472) may be helpful. The mortgage involved in that case contained an acceleration clause to the effect that the entire principal would become due in the event of default in the payment of any installment of principal. An installment became due on July 15, 1930, and was not paid. On July eighteenth a summons and verified complaint and a *lis pendens* in an action to foreclose the mortgage were filed in the office of the county clerk. On July twenty-first the owner of the property tendered to the mortgagee the amount of the installment which became due on July fifteenth. It was urged that no election had been made prior to the tender. The Court of Appeals said: " It is unnecessary to decide just what a holder of a mortgage must do to exercise the right of election, under an acceleration clause. We are satisfied, however, that the unequivocal overt act of the plaintiff in filing the summons and verified complaint and *lis pendens* constituted a valid election. It disclosed the choice of the plaintiff and constituted notice to all third parties of such choice. To elect is to choose. The fact of election should not be confused with the notice or manifestation of such election. The complaint recited that the plaintiff had elected. The mere fact that before the summons could be served, the defendant made a tender, did not as a matter of law destroy the effect of the sworn statement that plaintiff had elected."

The filing of the petition and the submission of the motion in the proceeding here under consideration constituted an election within the contemplation of the statute. The mere fact that some of the details were incorrectly stated in no way affected the merits of the election. The correct information could be and was supplied by affidavit.

It is pointed out in the dissenting memorandum that under the provisions of section 233 of the Tax Law the composition is not binding until the surrogate makes the necessary order. This in no way postpones the effectiveness of the election. When the fiduciary evidences the intention to elect, the election is presumptively for the benefit of all interested in the property involved. The composition order makes the election conclusive upon all such persons.

The order of the surrogate should be reversed, with costs, and the matter remitted to the Surrogate's Court for further action in accordance with this opinion.

McAVOY, O'MALLEY and UNTERMYER, JJ., concur; COHN, J., dissents and votes to affirm.

COHN, J. (dissenting). I dissent on the ground that a composition may not be had under section 233 of the Tax Law, in view of the fact that the contingency subject to which the property had been transferred occurred prior to the entry of an order finally and irrevocably fixing and determining the tax. This statute provides that such order shall be binding upon and conclusive against interested persons *upon the entry* thereof.

While the election is evidenced by a petition, duly filed, the composition tax does not become binding and irrevocably fixed until the surrogate " shall make the necessary order."

The order should be affirmed.

Order reversed, with costs, and the matter remitted to the Surrogate's Court for further action in accordance with opinion.