In the Matter of the Estate of CHARLES A. MCCOLLOUGH, Deceased.

Surrogate's Court, New York County, February 9, 1938.

*Edgar Hirschberg* [*Frank J. Ryan* of counsel], for the State Tax Commission.

*Affeld, Sowers & Herrick* [*McCloy & Bravman,* by *M. Francis Bravman,* of counsel], for the respondent trustees.

DELEHANTY, S. This is an appeal by the State Tax Commission from an order made on the 23d day of July, 1937, which modified a taxing order dated December 27, 1921. This order of July 23, 1937, was made upon a notice of motion which sought among other things, an amendment of the December 27, 1921, order so as to eliminate therefrom an assessment of $185.50 made against Gertrude K. McCollough. The motion was granted and the order made as requested in the notice. The State Tax Commission asserts that the order of December 27, 1921, is *res adjudicata* on the point presented by its appeal, to wit, the right of the court to eliminate the assessment. So far as it modified the order of December 27, 1921, the order of July 23, 1937, must be dealt with as a *pro forma* order, though made on a motion. (*Matter of Boissevain,* N. Y. L. J. Aug. 28, 1935, p. 296.) Accordingly, the court holds that the appeal by the State Tax Commission is the proper way to raise the question now presented.

The will of deceased provided, among other things, for a trust fund of $20,000, the income of which was payable to deceased's brother, William McCollough, for his life. Upon William's death $15,000 of this $20,000 fund.was continued in trust and the income was ordered paid to William's wife, Gertrude K. McCollough, for her life. The balance so remaining in the trust was payable over to deceased's children or their issue upon the death of both the life tenants.

In order to understand the precise point which is here presented, it is necessary to look at the state of the law applicable at the time the taxing order of December 27, 1921, was made. Deceased had died on May 9, 1919. The law governing the taxation of his property was to. be found in section 230 of the Tax Law as it had been enacted by chapter 550 of the Laws of 1916. So far as pertinent to the question here that section provided: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said con-

tingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article; and the executor or trustee of each estate, or the legal representative having charge of the trust fund, shall immediately upon the happening of said contingencies or conditions apply to the surrogate of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested persons or corporations, for an order modifying the temporary taxing order of said surrogate so as to provide for the final assessment and determination of the tax in accordance with the ultimate transfer or devolution of said property. Such return of overpayment shall be made in the manner provided by section two hundred and twenty-five of this article."

In the taxing order of December 27, 1921, there is contained an item of tax in the sum of $185.50 opposite the name Gertrude K. McCollough. The report of the transfer tax appraiser made in 1921 shows that the Superintendent of Insurance has been asked to value the life estate of William McCollough and also to value the life estate of his wife, Gertrude K. McCollough. The latter was younger than her husband. Her expectancy was greater than his. There resulted a computation by the Superintendent of Insurance of a value of $3,710 for the secondary life estate of Gertrude K. McCollough in the sum of $15,000 to be held for her after her husband's death. As matter of fact Gertrude K. McCollough predeceased her husband, the primary income beneficiary of the trust fund. In fact Gertrude K. McCollough received no property in beneficial enjoyment under the will of deceased. Nevertheless there was paid by the estate of deceased the sum of $185.50 fixed as the tax due on the assumption that her secondary life estate had a property value of $3,710.

In the application resulting in the order of July 23, 1937, the moving papers show that the executors of deceased there sought the final fixation of the tax on the remainder interests in the trust fund of $20,000. They computed this tax on the basis that the

remainder interests in the $20,000 fund were diminished only by the life estate of William McCollough since in fact Gertrude K. McCollough had predeceased William and thereby would have no participation therein. The remaindermen thus were taxed in the order of July 23, 1937, on $3,710 worth of property upon which the State had already collected $185.50 by reason of payment to the State of the tax imposed on the value of the secondary life estate of Gertrude K. McCollough under the order of December 27, 1921. The remaindermen, however, have not appealed from the order of July 23, 1937, and the court is not required to pass on the question whether the remaindermen were entitled to deduct from the value of the remainder taxable to them the $3,710 upon which the State has already received a tax.

Under section 230 of the Tax Law as it existed at deceased's death the interest of Gertrude K. McCollough was taxable by a temporary order because it constituted an interest which was subject to defeat upon the happening of a contingency, *i. e.*, her death before that of her husband William. Under the law as it then stood the happening of the contingency which defeated the temporary tax brought into existence a right of the legal representative of the estate or fund to apply for an order modifying the temporary taxing order so as to provide for final assessment of the tax in accordance with the ultimate transfer of the property. Gertrude K. McCollough died on February 2, 1927, some ten years and four months before the making of the application resulting in the order of July 23, 1937. On this appeal the court is not required to pass on the question whether the lapse of over ten years from the date when an application for modification of the order of December 27, 1921, could have been made bars such application. The State Tax Commission has raised no question based on the delay but only the question of the binding effect of the order of December 27, 1921.

It would appear from the text of the statute in effect at the date of deceased's death that an error of law was made in the assessment of a final tax upon the secondary life estate of Gertrude K. McCollough. The order of December 27, 1921, was in form a final order as to her interest under the will. Since she was not related in blood to deceased the tax upon her interest was fixed at the highest rate. The State thereby collected more than would have been retainable by the State had the finality of the tax been suspended and a temporary order only entered. The remainder interest in fact passed to the children of deceased whose interests are taxable at a lower rate. In the period during which the original

taxing order of December 27, 1921, was made the State taxing authorities apparently pursued the policy of entering final orders on contingent interests consisting of secondary life estates whenever they could collect a tax at a high rate and of entering temporary orders only where the contingent interests in such life estates passed to persons who would pay a low rate if the tax were finally assessed by the first order. Thus on the happening of a contingency which defeated the secondary life estate the State would have preserved its opportunity to tax at a higher rate any one in the higher bracket who benefited by the defeat of the secondary life estate.

This policy of the State taxing authorities appears to have resulted here in an error of law in the original order. That error was the taxing finally of the interest of Gertrude K. McCollough. That error could have been cured only by an appeal taken within the time limited by statute. No appeal having been taken, the order of December 27, 1921, stands as a final adjudication that the tax paid was due. (*People ex rel. International Salt Co.* v. *Graves*, 267 N. Y. 149, 156.) The majority opinion in the cited case said in respect of a different sort of tax: " In view of the great public importance to the State of finality in the determination of revenue matters, we can see no substantial reason for differentiating between the finality of determinations involving error of fact and those involving error of law." (See, also, *People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316, 320; *Matter of Putnam*, 220 App. Div. 34; *Matter of Rosenthal*, 246 id. 656.)

Accordingly the court holds that the claim of former adjudication is soundly made. The appeal is sustained. Submit, on notice, order accordingly.