In the Matter of the Estate of CHARLES H. MARSHALL, Deceased.

Surrogate's Court, New York County, May 18, 1938.

*Stewart & Shearer* [*Joseph F. McCloy* and *M. Francis Bravman* of counsel], for the trustee, petitioner.

*Edgar Hirschberg* [*Thomas G. Stephens* of counsel], for the State Tax Commission.

DELEHANTY, S. Pursuant to section 233 of the Tax Law the trustee here applies for compromise of the temporary tax assessed on a remainder interest in a trust. Preliminarily the trustee asks the court to determine that no tax is due and none is now assessable on the value of certain secondary life estates which were entirely disregarded by the appraiser in his report and disregarded in the *pro forma* order of August 28, 1913, which fixed the transfer tax. The trustee asks further that if the court determines that such secondary life interests are taxable the order of August 28, 1913, be duly amended so as to fix such tax.

Deceased died July 2, 1912. By his will one-third of his residuary estate was put in trust and the income directed paid to his widow for life. She died on June 4, 1933. By the terms of his will the fund theretofore held in trust for his widow's benefit is divided into two parts and such parts are held respectively one for the benefit of his son and the other for his daughter until the death of the daughter. It is these secondary life estates in the fund set apart for the widow of deceased which are here the subject of controversy.

The State Tax Commission contends that the *pro forma* order of August 28, 1913, should be amended by imposing a tax upon such secondary life estates. Section 230 of the Tax Law, as amended by chapter 800 of the Laws of 1911, was in effect at the date of decedent's death. It provided that contingent interests in property transferred in trust be taxed " at the highest rate " and that " such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred." The

remainder interest in the widow's trust (after deducting the value of the widow's life estate) was temporarily taxed by the order of August 28, 1913, as if it would pass to a person in the one per cent class and to a person other than the children of the testator. Since the children of the testator already had received large interests in the estate the one per cent rate would not have applied had the amount of the tax been computed on the assumption that the remainder interest would vest in one of the children. Thus the taxation of that remainder to persons in the one per cent class excludes the idea that the secondary life estates of the children were taxed as such or were taken into consideration in assessing the tax. It is quite apparent that the omission of any tax upon the secondary life interests in the widow's trust was an error of law which could have been corrected by appeal from the order of August 28, 1913. Since no appeal was taken within the statutory period there is no power now to correct the error. (*Matter of Putnam*, 220 App. Div. 34; *Matter of De Lamar*, 209 id. 240, and cases therein cited; *Matter of McCollough*, 166 Misc. 576; *Matter of Gernshym*, N. Y. L. J. Dec. 31, 1937, p. 2436.) *Matter of Porter* (N. Y. L. J. May 2, 1933, p. 2638), relied on by the State Tax Commission as authority for now taxing these secondary life estates, was decided on the basis of the Tax Law as it existed in 1893. At that time there was no provision in the law for the immediate taxation of contingent interests. It was necessary in that state of the law, therefore, to tax secondary life estates only when they came into existence. Plainly the case is no authority for action under the law as it existed in 1911 when immediate taxation of contingent interests was directed by statute.

Accordingly the court holds that the *pro forma* order of August 28, 1913, stands as a basis to the composition. The court holds too that the application is not a conditional application. Argument that it is conditional is made by the State Tax Commission on the authority of *Matter of Pincus* (248 App. Div. 156). In that case an election to compromise on specific terms was held not to be affected by the death of a life tenant of a trust which occurred after the petition was filed. The case has no application to the instant problem. The objection made by the State Tax Commission on this score is overruled.

The application to compromise the contingent tax on the remainder of the trust for the widow is granted. Submit, on notice, order accordingly.