In the Matter of the Estate of EDWARD R. STETTINIUS, Deceased.

Surrogate's Court, New York County, January 11, 1939.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Otis T. Bradley* and *John J. Barrett* of counsel], for the petitioners.

*Jerome M. Hirsch*, for the State Tax Commission.

FOLEY, S. This is a motion by the trustees, pursuant to section 233 of the Tax Law, as amended by chapter 711 of the Laws of 1930, to compromise and irrevocably fix the tax on remainders contingently transferred under the will. The testator died on September 3, 1925, survived by his widow, four children and grandchildren. The first paragraph of the will gave the widow a legal life estate in all the real property. The fifth paragraph devised the real property, subject to the widow's life estate, to trustees with direction to sell the same and pay over the proceeds thereof to the residuary trust created by the sixth paragraph of the will. The widow was given the income for life of the residuary trust. Upon the death of the widow, the will directed the trustees " to divide the principal of said trust fund then in their hands into as many equal shares as I may have children at that time living, and issue of deceased children, one share being set apart for each child and one share being set apart for the issue of any deceased child." The share set apart for the issue of any deceased child is to be paid over outright *per stirpes* and not *per capita* and the share set apart for each child is to be continued in trust for the life of said child.

The order assessing the transfer tax was entered on December 6, 1927. This order was subsequently modified on April 10, 1928, so as to include the taxation of additional assets. In these orders, a tax was assessed outright against the widow on the value of her legal life estate in the real property and on the value of her equitable life interest in the residuary trust. The surviving life estates of the four children in both remainders were taxed contingently to the trustees. A contingent tax was likewise assessed on the full

undiminished remainders of the two funds as a possible transfer to a grandchild. It is the tax on the remainder in the real estate, after the life interest of the widow, and the tax on the remainder in the residuary trust, after her life interest, which the trustees seek on the present application to compromise pursuant to the provisions of section 233 of the Tax Law.

The petition in this proceeding for leave to compromise was verified and served upon the State Tax Commission on November 28, 1938. It was filed in the office of the clerk of this court on the same day. The notice of motion attached to the petition was returnable before the court on December 6, 1938. On December 5, 1938, the day before the return day of the motion, the decedent's widow, Judith C. Stettinius, died. The State Tax Commission opposes the application on the grounds (1) that no valid election under section 233 of the Tax Law has been made, and (2) that in any event no compromise may be had as to one-quarter of the remainders, since they vested in possession before the making of this application on the death of William C. Stettinius, a son of the decedent, on July 20, 1937.

In support of the first objection, the attorney for the State Tax Commission argues that the election to compromise under section 233 of the Tax Law is not filed with the surrogate until the motion is submitted to the surrogate on the return day, and that the filing of motion papers, including the petition, with the clerk of the court for the purpose of bringing the matter ultimately before the surrogate, is not sufficient. He bases his argument on the language used by Mr. Presiding Justice MARTIN in his opinion in *Matter of Pincus* (248 App. Div. 156). The very same question of election under section 233 of the Tax Law was considered in that case. In the opinion it is stated, " the filing of the petition and the submission of the motion in the proceeding here under consideration constituted an election within the contemplation of the statute." It is clear from reading the entire opinion that the court considered the election effective when the petition was filed and reference was made to the submission of the motion only because that was the factual situation in that case. The statute itself, however, contains no such requirement but provides merely that the election " shall be evidenced by a petition filed with the surrogate having jurisdiction." The filing of the petition in the office of the clerk of the Surrogate's Court is, therefore, sufficient. Under the section the only restriction on the right to elect to compromise is that the contingency, subject to which the property has been transferred, has not happened previous to the filing of the election. I hold that the validity of the election evidenced by the filing of the petition was

in no way affected by the subsequent termination of the contingency. Under the clear wording of the section and upon the authority of *Matter of Pincus* (*supra*), the first objection of the State Tax Commission to the compromise is overruled. The surrogate holds that the election was validly made.

The second objection involves a construction of the decedent's will. If in fact a one-quarter of the remainders vested in the issue of William C. Stettinius on his death on July 20, 1937, that portion of the remainders was not open to compromise at the date of the filing of the election. From a reading of the entire will, it clearly appears that the vesting of any portion of the remainders was postponed until the death of the widow. Until that time the remainders were contingent and not vested. (*Matter of Buechner*, 226 N. Y. 440.) The death of the son, William, on July 20, 1937, was not the contingency upon which the property had been transferred. His death did not make possible the final taxation of any part of the remainders which under the provisions of section 233 would prevent a composition. The second objection of the State Tax Commission to the compromise is, therefore, overruled. The correctness of the computation of the compromise tax, as set forth in the petition, is not otherwise questioned.

Submit order on notice fixing the compromise tax as prayed for in the petition.