In the Matter of the Transfer Tax upon the Estate of ELIZABETH C. PUTNAM, Deceased.

AUGUSTUS P. LORING, One of the Executors, etc., of ELIZABETH C. PUTNAM, Deceased, Appellant; STATE TAX COMMISSION, Respondent.

First Department, March 4, 1927.

**Taxation — transfer tax — jurisdiction of surrogate — petition for original order to fix tax without appointment of appraiser set forth all assets of estate of non-resident decedent — petition and affidavits stated value of taxable property to be amount represented by property owned outright — petitioner thereby claimed that powers of appointment exercised were not taxable — State Tax Commission's attorney appeared and consented to order — holding that powers of appointment were not taxable, if error, is error of law — surrogate had no power under Surrogate's Court Act, § 20, subd. 6, to entertain motion to modify order by fixing tax on powers of appointment exercised — whether State Tax Commission has remedy under Surrogate's Court Act, § 288 et seq., or Tax Law, § 232, is not determined.**

The petition in this case for the original order to fix the transfer tax on property of the non-resident decedent without the appointment of an appraiser set forth all of the assets of the estate of the decedent. The papers showed that the decedent owned outright certain shares of stock in New York corporations and that she had exercised powers of appointment in reference to other shares of stock in New York corporations. The petition and the affidavits by claimant that the only property taxable was that owned outright, clearly made claim that the powers of appointment exercised were not subject to taxation. The attorney for the State Tax Commission appeared and stated that he had no objection to the granting of the original order which fixed the tax merely on the property owned outright. The question, therefore, whether or not the powers of appointment exercised were taxable was litigated and if it was erroneously decided, it was an error of law and not an error of jurisdiction nor an error of fact nor a clerical error, and, therefore, the surrogate did not have power under subdivision 6 of section 20 of the Surrogate's Court Act to modify the original order so as to fix the transfer tax on the powers of appointment exercised.

Whether the State Tax Commission has a remedy either under the provisions of
section 288 *et seq.* of the Surrogate's Court Act or section 232 of the Tax Law
is not determined.

APPEAL by Augustus P. Loring from an order of the Surrogate's
Court of the county of New York, entered in the office of said
Surrogate's Court on the 15th day of December, 1925, modifying
an order made on the 19th day of June, 1925, which fixed and
determined the transfer tax.

*William W. Wingate,* for the appellant.

*A. Welles Stumpf* of counsel [*Charles A. Curtin,* attorney for the
State Tax Commission], for the respondent.

O'MALLEY, J. Reversal of the order modifying the original
order fixing the amount of the transfer tax is sought upon the
ground of lack of power in the surrogate. If the error corrected by
the modification was one of law and not of fact, the order was
improper. Respondent contends that the alleged error was clearly
one of fact. The learned surrogate has taken this view and has
treated the matter in respect to which the order has been corrected
as a mere inadvertence on a question not litigated. (127 Misc.
799.) If this be the character of the error in question, the order
appealed from must be sustained.

The petition for the original order asked to have fixed the transfer
tax upon the whole estate of the non-resident decedent. It con-
tained by reference a schedule which clearly set forth all the assets
of the estate. These included stock in New York corporations
owned outright by the decedent, and also clearly showed the exercise
of powers of appointment under the wills of decedent's father and
mother with respect to stock in other New York corporations.
Under the power contained in the will of her father it was alleged
decedent exercised the power of appointment respecting shares in
six different corporations and the number of such shares were
specified. Under the will of her mother decedent was shown to
have exercised the power of appointment respecting certain specified
shares in two other New York corporations.

The value of the property owned outright was alleged to be
$7,600.87. The petition was supported by an affidavit of the
attorney which stated that the value of the taxable property in
New York amounted to said sum. This clearly showed a claim to
the effect that the property not owned outright, namely, the powers
of appointment exercised, was not taxable. This affidavit then
claimed allowable deductions in the sum of $263.20, measured by
the proportion of such New York property to the whole estate.
This left a balance of $7,337.67 subject to tax according to the

petitioner's contention.   In addition, the seven persons entitled to distribution were named.   The share of each was computed to be the sum of $1,048.24 and the tax on each share to be $52.40.

The papers on which the original order was sought, with notice of motion praying for an order fixing and assessing the tax on the decedent's estate without the appointment of an appraiser, were duly served upon the attorney for the respondent Tax Commission. On the return day such attorney appeared and when the motion was called answered " No opposition." Accordingly, the original order of June 19, 1925, was entered, fixing the tax as prayed for in the manner above indicated, namely, a tax of $52.40 on the value of each of the seven distributive shares.

The application for the correction of the original order was made returnable November 24, 1925, some five months after such order was entered.   It was based solely upon the affidavit of the attorney for the State Tax Commission.   He alleged that Schedule A attached to the original petition, as already appears, referred, in addition to stock of New York corporations owned by the decedent, to stock of New York corporations over which the decedent exercised powers of appointment under the wills of Elizabeth C. Putnam, her mother, and Charles G. Putnam, her father.   The specific shares of stock constituting this latter class of property are then enumerated and their total value stated to be the sum of $17,160.18. Upon the basis of this additional property the net amount of each distributive share subject to the tax was shown to be the sum of $3,499.69, instead of $1,048.24.   The order appealed from fixes the tax on each of such shares as $174.99, instead of $52.40.

It is quite apparent from the allegations of this moving affidavit that the original petition clearly disclosed that the decedent exercised powers of appointment with respect to the property which has now been taxed in the modified order appealed from.   No claim is made that the attorney for the Commission was ignorant of the contents of the original papers.   Nor is any fraud or concealment alleged.   All that is claimed is that in entering the original order " there was omitted therefrom the stocks of New York corporations over which the decedent exercised the foregoing powers of appointment, and the only amount taxed" was the value of the stocks owned outright by the decedent.   The question presented for decision, therefore, is whether upon this state of facts the omission from the original order of the tax upon property over which the decedent exercised the powers of appointment is to be regarded as an error of fact rather than one of law.

Provision for relieving the Tax Commission or any person from an order fixing a tax is contained in the Tax Law itself (§ 232,

as amd. by Laws of 1921, chap. 476). The 1st paragraph of this section provides for an appeal within sixty days to the surrogate. This obviously relates to an order entered on the report of an appraiser. In this case, however, the tax was fixed without the appointment of an appraiser. The 2d paragraph of this section gives the Tax Commission the right to apply within two years to a justice of the Supreme Court as therein specified " if it believes that such appraisal, assessment or determination has been fraudulently, collusively or *erroneously* made." This application, however, seems to have been made under the provisions of subdivision 6 of section 20 of the Surrogate's Court Act, formerly subdivision 6 of section 2490 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443), revising subdivision 6 of former section 2481 of said Code (Laws of 1880, chap. 178), which, in so far as material, is as follows:

" § 20. Incidental powers of the surrogate. A surrogate, in or out of court, as the case requires, has power:  *  *  *

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

Under the provisions of this section the surrogate no doubt has power to modify an order of the character here involved in cases where jurisdiction has been mistakenly assumed (*Matter of Silliman,* 79 App. Div. 98; affd., 175 N. Y. 513); or to correct a mere clerical error (*Matter of Robertson,* 51 App. Div. 117; affd., 165 N. Y. 675; *Matter of Henderson,* 157 id. 423); or an inadvertent mistake of fact (*Morgan* v. *Cowie,* 49 App. Div. 612; *Matter of Earle,* 74 id. 458; *Matter of Scrimgeour,* 80 id. 388; affd., 175 N. Y. 507; *Matter of Willets,* 119 App. Div. 119; affd., 190 N. Y. 527). But in no case called to our attention has modification been permitted where a mistake, clearly one of law, was involved.

The authorities relied upon by the respondent belong to the first class of cases. Of the two decisions cited, opinions in which are unreported, one (*Matter of Matthies,* 209 App. Div. 856) related to an inadvertence where *both parties* wrongly assumed the tax to have been based upon a provision of the law no longer in effect at the date of the decedent's death. In the other (*Matter of Scott,* 155 App. Div. 929; affd., 208 N. Y. 602) a modification of the original order was made because of a mere clerical error in computation. In *Matter of Scrimgeour (supra),* also relied upon, the statute

under which the tax was imposed was later declared unconstitutional. In sustaining the order of modification the Court of Appeals said: " Both parties mistakenly supposed that the estate was, under the law, subject to a transfer tax. The proposition was not litigated nor decided, but assumed. We think it was within the power of the surrogate, on an application to his discretion and favor, to open the case, relieve the respondents from the consequence of their mistake and set aside the order which had been erroneously made."

In *Matter of Willets* (*supra*), another authority cited, the question concerned ownership. It was property over which neither the transfer tax appraiser nor the surrogate had jurisdiction in assessing the tax. Therefore, it was very properly held that the question involved was one of fact. In that opinion it was stated, however: " If the ownership is established and a mistake is made as to the taxability of the transfer, then the error would be one of law."

In the case before us no question of jurisdiction is involved. Nor can it be said that either of the parties was laboring under any mistake of fact. No claim is made of any concealment of assets or method of transfer. The question of whether the property passing under the power of appointment was taxable or not taxable was squarely presented on the original application. The Tax Commission and the court from the nature of the application and the contents of the moving papers were given express notice that the property in question was claimed to be non-taxable. This question, therefore, was presented for litigation. If the Commission deemed it to be taxable, it was the duty of its attorney to raise the question on the return of the motion. Instead, he stated in open court that he had no opposition to the application.

The petition, as already noted, was for an order fixing a tax on the entire estate. But, as other specific property upon which no tax was computed in the petitioner's papers was set forth, the application was impliedly, also, for an order exempting such property from the tax. If the attorney for the Commission claimed such property to be taxable, it was his duty to speak, and not consent to the order prayed for. Certainly, it could not reasonably be urged that the question of the tax on the New York property owned outright by the decedent which was properly fixed in the order, was not litigated. If this be so, it is difficult to see why all matters presented were not so litigated. The failure of the Commission to contest the issue thus presented does not change the conclusive effect of the order made. (*Barber* v. *Kendall*, 158 N. Y. 401, 405.)

In the circumstances here disclosed the error complained of was

neither one of jurisdiction, nor of fact, nor of mere clerical error, but clearly one of law. This being so, the surrogate could not correct such error under subdivision 6 of section 20 of the Surrogate's Court Act (*supra*). (*Matter of Crerar*, 56 App. Div. 479; *Morgan* v. *Cowie, supra; Matter of Hawley*, 100 N. Y. 206; *Matter of Willets, supra; Matter of Monteith*, 27 Misc. 163; *Matter of Wallace*, 28 id. 603; *Matter of Niven*, 29 id. 550.) Whether the respondent Tax Commission has a remedy either under the provisions of sections 288 *et seq.* of the Surrogate's Court Act, or section 232 of the Tax Law, we are not now called upon to determine.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and proceeding remitted to the Surrogate's Court for further action in accordance with opinion.