THE PEOPLE OF THE STATE OF NEW YORK ex rel. BANKERS TRUST COMPANY et al., as Executors of and Trustees under the Will of EPHRAIM L. CORNING, Deceased, Appellants, against MARK GRAVES et al., Constituting the State Tax Commission, Respondents.

(Argued January 30, 1936; decided March 10, 1936.)

*Schuyler M. Meyer, H. Maynard Kidder* and *Gove B. Harrington* for appellants. The application for the modifying order was brought under section 230 of the Tax Law (Cons. Laws, ch. 60). (*Matter of Thompson,* 148 Misc. Rep. 122; *Douglass* v. *County of Pike,* 101 U. S. 677.) The modifying order was made under section 230. (*Matter of Hoople,* 179 N. Y. 308; *Matter of Muir,* 139 Misc. Rep. 434; *Matter of Sack,* 236 App. Div. 543.) Chapter 434 of the Laws of 1934, as applied to the case at bar, is unconstitutional.. (*Forbes Pioneer Boat Line* v. *Board of Commissioners,* 258 U. S. 338; *Fisk* v. *Jefferson Police Jury,* 116 U. S. 131.)

*John J. Bennett, Jr., Attorney-General* (*Seth T. Cole* and *Mortimer M. Kassell* of counsel), for respondents. The State Tax Commission has no equitable power for control over funds of the State and can only disburse such funds pursuant to statute. No statute authorizes the making of a refund in this case. (*Matter of Sack,* 138 Misc. Rep. 806; 232 App. Div. 433; 257 N. Y. 534; 234 App. Div. 696; 259 N. Y. 563; 236 App. Div. 543; *Matter of Furey* v. *Graves,* 241 App. Div. 897; 266 N. Y. 415; *People ex rel. International Salt Co.* v. *Graves,* 267 N. Y. 149.) If any right to a refund exists, it is barred by the Statute of Limitations. (*Matter of Furey* v. *Graves,* 148 Misc. Rep. 785; 241 App. Div. 897; 266 N. Y. 415; *Matter of Hoople,* 179 N. Y. 308; *Stuart* v. *Grattan,* 217 App. Div. 336; Civ. Prac. Act, § 48.)

O'BRIEN, J.   In the year 1924, Ephraim L. Corning died a resident of Connecticut.   His will established trust funds for the benefit of designated individuals with remainders to others under certain contingencies.   His estate included stocks and bonds of New York corporations and, pursuant to section 230 of the Tax Law (Cons. Laws, ch. 60), a tax was assessed in this State upon them, including a tax of $31,405.65 upon the contingent remainders at the highest rate possible under any contingency that might affect the vesting of those remainders.   The tax was paid December 1, 1924.   That assessment was made pursuant to an order of a Surrogate of New York county dated November 17, 1924, which determined the amount of the tax and also provided: " Further Ordered that *upon the falling in of each of the remainders hereinabove mentioned,* application may be made for an order modifying this order to provide for the final assessment and determination of the tax upon the transfer of each such remainder *in accordance with the ultimate transfer or devolution thereof.*"   Under date of January 3, 1934, the Surrogate's order of November 17, 1924, was modified and the following provision added: " Ordered that the remainders contingently taxed by the temporary order of this court dated November 17, 1924, at the highest possible rate, be, and the same hereby are exempt from the tax imposed by the provisions of the Act relating to taxable transfers."   Following the entry of this order, application was made to the State Tax Commission by the executors and trustees of Ephraim L. Corning for a refund, the application was refused and in the proceeding before us the courts below have denied a motion for mandamus to compel the Commission to refund the $31,405.65, with interest from November 17, 1924.   The Comptroller is not a party.

Intermediate the dates of the Surrogate's order of November 17, 1924, and the order of January 3, 1934, the Supreme Court of the United States decided in

*Farmers Loan & Trust Co.* v. *Minnesota* (280 U. S. 204) and *First Nat. Bank* v. *Maine* (284 U. S. 312) that a State is without jurisdiction to lay a tax upon the transfer of securities of corporations organized under its own laws but owned by decedents domiciled elsewhere.

Appellants assert a right to a refund under section 230 of the Tax Law. That section provided in 1924 that when the rights, interest or estate of the transferees of property in trust are dependent upon contingencies, the Surrogate shall enter a temporary order determining the amount of the tax, " provided, however, that *on the happening of any contingency whereby the said property,* or any part thereof, *is transferred to a person* or corporation *exempt from taxation under the provisions of this article,* or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay *under the provisions of this article;* and the executor or trustee of each estate   *   *   *   shall immediately *upon the happening of said contingencies* or conditions apply to the surrogate   *   *   *   for an order modifying the temporary taxing order of said surrogate so as to provide for the final assessment and determination of the tax *in accordance with the ultimate transfer or devolution of said property.* Such return of over payment shall be made in the manner provided by section two hundred and twenty five of this chapter."

The order of November 17, 1924, was made in accordance with this statute. It determined the amount of the tax and authorized, " upon the falling in of each of the remainders," an application for a modifying order for the final assessment on the transfer of " each remainder in accordance with the ultimate transfer or devolution thereof." Before any contingencies had happened and consequently before the *ultimate* transfer or devolution of the property had occurred, application was made for a

modifying order. This application was premature and contrary to section 230, and the order of January 3, 1934 does not conform with the requirements of the original order. Without reference to the happening of any contingency or ultimate transfer or devolution of any remainder, the second order simply decrees that the remainders " are exempt from the tax imposed *by the provisions of the Act relating to taxable transfers.*" Assuming, in view of the decisions in the *Farmers Loan Case* (280 U. S. 204) and the *National Bank Case* (284 U. S. 312), that the remainders are exempt under the interpretation of the law as it now stands, the conclusion does not follow that appellants are entitled to a refund. This right must depend upon some statute expressly conferring such a right. Section 230 provided that the return of an overpayment shall be made in the manner provided by section 225 of the Tax Law, but, unless a taxpayer is entitled to a refund under section 230, the provisions of section 225 can have no application. Section 230 conferred the right to a refund only upon the happening of contingencies which have not yet occurred. These petitioners were not exempt under the provisions of the Tax Law; their exemption was effected not by the statute but by the decisions of the Supreme Court of the United States which rendered invalid that part of the statute which in terms sought to authorize the assessment of a tax. Until the happening of the contingencies whereby there was an ultimate transfer or devolution of the remainders, the Surrogate was without jurisdiction to enter the modifying order of January 3, 1934. The Appellate Division was correct when it held that the order of November 17, 1924, although designated a temporary order, was final, except under the contingencies enumerated in section 225 and section 230 of the Tax Law and that under our decision in *People ex rel. International Salt Co.* v. *Graves* (267 N. Y. 149, 154) the error of law upon which that order was based cannot affect its finality. The

contingencies enumerated in section 225 and section 230 never occurred. Moreover, even if section 225, as amended by chapter 434 of the Laws of 1934, were to be deemed otherwise applicable, the approval of the Comptroller, which that statute requires, was never obtained. Neither was the payment of this tax, which was made prior to March, 1928, made before the entry of a taxing order. The taxing order was entered November 17, 1924, and payment was not made until December 1, 1924. The State is not liable unless it provides for its liability. These petitioners do not bring themselves within the scope of any such statutory provision.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.