## In the Matter of the Estate of CHARLES ISHAM, Deceased.

Surrogate's Court, New York County, January 13, 1939.

*Stewart & Shearer* [*Joseph F. McCloy* and *M. Francis Bravman* of counsel], for the petitioner.

*Jerome M. Hirsch*, for the State Tax Commission.

FOLEY, S. This is a motion by the trustee to vacate the order fixing the transfer tax entered herein on June 9, 1921, so as to exclude from taxation that portion of the decedent's residuary estate consisting of intangible personal property. The decedent died a resident of the State of Vermont on June 9, 1919, leaving real property and tangible personal property in this jurisdiction. His will was duly admitted to probate in this court. The third paragraph of the will directed the residuary estate to be held in trust for the benefit of the decedent's wife for life and thereafter for the benefit of a son for life. The remainder, after the two life estates, was disposed of on various contingencies. In the order fixing tax of June 9, 1921, an outright tax was assessed on the values of the vested life interests of the widow and son and a temporary tax assessed against the trustees on the contingent remainder of the residuary trust. The order fixed both the highest and lowest tax on the contingent remainder and the difference between the two was deposited for the purpose of securing the tax with the State Tax Commission pursuant to the provisions of section 241 of the Tax Law. The

contingencies under the provisions of the will, which would vest the remainder, have not as yet occurred. No appeal was taken from the order of June 9, 1921, and no question is now raised as to the taxability in said order of the real estate and personal tangible property located in this jurisdiction.

The present application seeks to vacate the order of June 9, 1921, so as to exclude and exempt from tax that portion of the residuary estate comprised of intangible personal property. This property consists of stocks of domestic corporations valued at $239,080.87. It is the petitioner's contention that intangible personal property may only be taxed in the State of domicile and, therefore, in so far as the order of June 9, 1921, imposed the tax on such property, it is void. There is no dispute that the Tax Law in effect at the date of the decedent's death and when the order was entered provided for the taxation in a non-resident's estate of intangibles consisting of stocks in domestic corporations. (Tax Law, art. 10, § 220, subd. 4.) The taxation of such property was not then considered a violation of the Federal Constitution. (*Blackstone* v. *Miller,* 188 U. S. 189; *Baker* v. *Baker, Eccles & Co.,* 242 id. 394, at p. 401; *Matter of Bronson,* 150 N. Y. 1.) The United States Supreme Court subsequently departed from its prior decisions and held that the situs of capital stock is not that of the corporation but that of the domicile of the decedent. (*Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *First National Bank* v. *Maine,* 284 id. 312.)

The State Tax Commission contends that the *pro forma* order of June 9, 1921, was final and that the only remedy to correct the error of law was by an appeal therefrom within the prescribed statutory period. The sole question presented is whether, under the circumstances of this case, the surrogate has the power, under subdivision 6 of section 20 of the Surrogate's Court Act, to vacate the order of June 9, 1921, in so far as it imposed the tax on the transfer of the shares of stock of domestic corporations.

The nature and finality of a *pro forma* order fixing tax identical with the order of June 9, 1921, in which a tax was assessed on stock of a domestic corporation owned by a non-resident decedent was recently considered by the Court of Appeals in *People ex rel. Bankers Trust Co.* v. *Graves* (270 N. Y. 316). The court in that case said: " These petitioners were not exempt under the provisions of the Tax Law; their exemption was effected not by the statute but by the decisions of the Supreme Court of the United States which rendered invalid that part of the statute which in terms sought to authorize the assessment of a tax. Until the happening of the contingencies whereby there was an ultimate transfer or devolution

of the remainders, the Surrogate was without jurisdiction to enter the modifying order of January 3, 1934. The Appellate Division was correct when it held that the order of November 17, 1924, although designated a temporary order, was final, except under the contingencies enumerated in section 225 and section 230 of the Tax Law and that under our decision in *People ex rel. International Salt Co.* v. *Graves* (267 N. Y. 149, 154) the error of law upon which that order was based cannot affect its finality."

That the present motion is to vacate, rather than to modify, the order of June 9, 1921 so as to eliminate the tax on the transfer of the stock of domestic corporations, does not affect the applicability of the *Bankers Trust Co.* decision cited above. The same objective is sought. No appeal was taken and its validity has stood unchallenged for seventeen years. It was a final order and " Neither error nor invalidity, whether constitutional or otherwise, entering into such determination would have changed the rule of finality." (*People ex rel. International Salt Co.* v. *Graves*, 267 N. Y. 149.) The motion to vacate it is, therefore, denied.

Submit order on notice.