In the Matter of the Estate of GEORGE CALDWELL WHITE, Deceased.

Surrogate's Court, Kings County, March 21, 1939.

* Affg. 168 Misc. 842.

*Cullen & Dykman* [*Joseph F. McCloy* and *M. Francis Bravman* of counsel], for the Brooklyn Trust Company, trustee, for the motion.

*Harry M. Peyser*, for New York State Tax Commission, opposed.

WINGATE, S. Although given a more euphonious appellation by the applicant, it appears that the present proceeding is designed for the accomplishment of the preliminary spade work deemed appropriate for laying a foundation for the recovery of a tax which was assessed and paid almost a generation ago.

The facts, in brief, are that this decedent, a resident of Connecticut, died in 1920, leaving no real property in this State but certain shares of stock which he erected into two trusts for the respective lives of his wife and daughter with contingent remainders over. A *pro forma* order was entered on December 14, 1921, which assessed taxes on the immediate life estates of the wife and daughter and provided " that the value of the surviving life estates and remainders cannot be presently ascertained, and that the same are therefore reserved for future appraisal when the persons beneficially entitled thereto shall come into actual possession or enjoyment thereof."

It is admitted that this order was entered on notice and representation of all parties, that no appeal was prosecuted therefrom and that all parties have acquiesced therein up to the present time.

It is obvious that the court possessed jurisdiction of the parties and that the assessment and order were in accordance with the law as it existed at that time. (*Matter of Bronson*, 150 N. Y. 1, 9, 10.) Subsequently, the United States Supreme Court in *Farmers Loan & Trust Co.* v. *Minnesota* (280 U. S. 204) and *First National Bank* v. *Maine* (284 id. 312) determined that shares of stock were to be deemed intangible property and not subject to transfer tax in a State other than that of the domicile of the owner.

The result of these decisions was not, as the present applicant in effect contends, to determine that the surrogate possessed no jurisdiction to assess the tax as fixed in the order, but to hold *nunc pro tunc* that the mode of exercise of the unquestionable juris-

diction which it possessed over the estate and the parties interested therein, had been legally erroneous. As is said in *People ex rel. Bankers Trust Co.* v. *Graves* (270 N. Y. 316, 320): " These petitioners were not exempt under the provisions of the Tax Law; their exemption was effected not by the statute but by the decisions of the Supreme Court of the United States which rendered invalid that part of the statute which in terms sought to authorize the assessment of a tax."

The fundamental element of any cause of action in any court is the actual or implied assertion that the right, the enforcement of which is sought, is consonant with the basic law of the land, which is the Constitution of the United States. The implied essential allegation, like any other upon which the right of the plaintiff or petitioner depends, is always capable of traverse, and when denied constitutes a primary issue of law which must be determined at the outset of the litigation with an affirmative holding an indispensible prerequisite to any concrete recovery.

The issues which were tendered in the original tax proceeding in respect to this estate, therefore, included the assertion that this decedent died possessed of certain specified shares of stock, that the existing taxing statutes of the State of New York imposed a tax on the decedent devolution of such shares and, most basicly important of all, that such statutes were constitutional. The representatives of the estate possessed the power to litigate any or all of these issues and an affirmative determination by the court in respect of all was a *sine qua non* to the decision which was crystallized in the order.

Unquestionably such determinations as to the possession of the property and the existence of the New York statute were correct. Equally unquestionably the inevitably included determination as to the constitutionality of the statute, which was a pure question of law, was correct according to the then prevailing conception of the law. It was rendered incorrect by the subsequent reversal by the United States Supreme Court in the decisions noted of its previous decision in respect of such a situation. This reversal had the effect of declaring that the previous decision by the court in the taxing order was erroneous as a matter of law.

It is, however, primary that a court possesses no authority to vacate a legal pronouncement which it has once made because of an error of law committed in its enunciation. (*Bohlen* v. *Metropolitan E. R. Co.*, 121 N. Y. 546, 551; *Matter of Ungrich*, 201 id. 415, 418; *Kamp* v. *Kamp*, 59 id. 212, 215, 216; *Heath* v. *New York Bldg. L. B. Co.*, 146 id. 260, 263; *People ex rel. Bankers Trust Co.* v. *Graves*, 270 id. 316, 320.) The only remedy of an

aggrieved party in such a situation is by appeal. So far as Surro-gates' Courts are concerned, this is clearly demonstrated by sub-division 6 of section 20 of the Surrogate's Court Act which in the grant of authority to vacate or modify orders and decrees in specified situations inferentially denies such power in cases not coming within its description.

It follows that the relief sought by the prayer of the present petition for the vacating of the order entered on December 14, 1921, transcends the authority of this court and must be denied.

Enter order on notice in conformity herewith.