In the Matter of the Estate of MORTON WOLLMAN, Deceased.

Surrogate's Court, New York County, October 31, 1939.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for the Bankers Trust Company, as successor trustee.

*Jerome M. Hirsch* [*Charles A. Jacobs* of counsel], for the State Tax Commission.

FOLEY, S. The substituted trustee moves to modify the *pro forma* order of December 6, 1926, which fixed the transfer tax on the appraiser's report. In that order the remainder of the residuary trust created by Mr. Wollman's will was taxed as against the executors under two theories of the construction of the testamentary instrument. The minimum tax was assessed upon the basis of the vesting of the fund equally in the two brothers of the testator. The maximum tax was based upon the contingency that the remainder would vest in a single brother. The maximum tax was $10,401.70. The minimum was $8,411.36 with division of that sum equally between the two brothers.

It is now claimed by the trustee that the order was erroneous because the testator conferred a power of appointment upon his two brothers and that such power being general in nature contemplated appointments to individuals or to charities. It is further contended that the two brothers in March of the year 1926 actually exercised the power by appointing the sum of $25,000, out of the total fund of approximately $270,000, to certain collateral relations of the testator and the balance of the fund to an educational institution which was charitable in nature under the language of the Tax Law as it existed at the date of death of the testator.

Among other legal reasons urged by the State Tax Commission for the denial of the motion, it is contended that the remainders vested absolutely at the date of death of the testator in the two designated brothers in equal shares and that their legacies were absolute and that the suggestion of the power of appointment was merely precatory. Under the latter theory of interpretation of the will, the minimum provisions fixed in the *pro forma* order were valid and consistent with the expressed intent of Mr. Wollman. In great part these questions are now academic because there is an insuperable bar to the modification of the minimum tax fixed in the *pro forma* order because of its finality. Moreover, no legal ground, either under the provisions of subdivision 6 of section 20 of the Surrogate's Court Act or the Tax Law as it was written at the date of death of the decedent in 1924, or as now existing, has been shown for such modification. The executors did not appeal from the original order. Its finality may not be reviewed under the decisions by any attempt to modify it for alleged legal error. (*People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316; *People ex rel. International Salt Co.* v. *Graves*, 267 id. 149; *Matter of Davis*, 149 id. 539; *Matter of Putnam*, 220 App. Div. 34; *Matter of Fletcher*, 219 id. 5.)

While in view of this determination, the question of an alleged defect in the original order in fixing the lowest tax is of no importance, it should be pointed out that the transfer tax appraiser in ignoring the existence of any power of appointment, properly construed the will. Under the provisions of paragraph sixth there is clear indication on the part of the testator of an intent to vest the so-called " Residuary Fund," consisting of the remainders of the residuary trust and other trusts, in his two brothers. He provided, moreover, that vesting should take place in the two of them or the one who survived him. Both brothers survived him. His suggestion for the execution of a further designation of other beneficiaries by them was precatory and subordinate to the outright gifts. He stated: " my expectation being that

neither of my said brothers will keep said moneys or property for themselves, but that they will dispose of the same in such way as they think best, but I do not impose any obligation, legal or moral, on my said brothers or either of them as to what they shall do with said moneys and property, or to dispose of it at all, and they may, if they think best, keep said money and property for themselves." Language of similar import in other wills has been uniformly construed as conferring an absolute vested interest on the legatee or remainderman, under the rule that precatory instructions or requests must be disregarded and under the further rule that an absolute gift should not be deemed to be cut down by subordinate, repugnant or ambiguous provisions. (*Matter of Megrue,* 135 Misc. 16; affd., 229 App. Div. 711; affd., 254 N. Y. 638; *Matter of Barney,* 239 id. 584, affg. 207 App. Div. 25; *Tillman* v. *Ogren,* 227 N. Y. 495; *Matter of Ithaca Trust Co.,* 220 id. 437; *Lawrence* v. *Calam,* 202 App. Div. 538.)

In this connection it is also of interest that the construction of the will adopted by the appraiser as the basis for the order fixing tax was likewise the construction recommended by the firm of attorneys for the executors. At least one of the brothers was a member of that firm. They made no claim in their petition and schedules filed by them preparatory to the fixing of the tax that the remainder might, by the exercise of the power of appointment, vest in an exempt charitable institution. If they had asserted such a claim and it had possibly, but erroneously, been sustained, the entire fund might have been anticipated as vesting in charity and the minimum tax would have been zero.

The very contention which counsel for the trustees now urges, that a bequest to an individual with a precatory suggestion of a distribution to charities is exempt from taxation when exercised, was within the past few days determined adversely to such contention by the Appellate Division, First Department, in *Matter of Bouvier* (257 App. Div. 665). There the testator bequeathed to his nephew the sum of $50,000. He stated in his will that without "in any way limiting the absoluteness of this bequest, I request my said nephew to distribute so much of said sum * * * among such friends and charities, as I may designate by a letter or letters addressed to him." The nephew selected four charitable corporations as beneficiaries of an aggregate sum of $40,000 out of the fund. He, individually and as executor, and the other executors claimed exemption from taxation. That claim was overruled upon the authority of *Matter of Edson* (38 App. Div. 19; affd., on opinion below, 159 N. Y. 568); *Mississippi Valley Trust Co.* v. *Commissioner of Internal Revenue* (72 F. [2d] 197) and *Edgar*

v. *Waldo* (227 N. Y. 656). (*Matter of Bouvier* [not officially reported], N. Y. L. J. July 2, 1937, p. 23.)

Even if the original order was subject to review upon the present motion, the application for modification would, therefore, have to be denied in so far as it attempted to secure exemption from tax of the transfer to the charitable institution.

In conclusion it now appears belatedly that the contingent provisions of the original order should not have been included in it. As pointed out above the remainder vested absolutely under the terms of the will as of the death of the testator in his two brothers in equal shares. The further possibility of the postponement of vesting and the subsequent falling in of the fund in a single brother was improper. The State now holds the additional moneys or securities in excess of the minimum tax, without warrant of law. These additional funds or securities belong to the estate and should be delivered to the trustee. To that extent only will the order be modified by eliminating the possible maximum tax and any provisions other than the outright minimum tax.

The remaining part of the application for exemption for that part of the fund which passed to the educational institution is denied. The temporary assessment will be eliminated. The tax assessed against the two brothers in the amount fixed in the original order was proper and was the only tax properly assessable and payable.

Submit order on notice accordingly.