UNITED HOISTING COMPANY, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24836.)

Court of Claims, March 21, 1941.

*Vincent A. O'Connor,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein, Assistant Attorney-General,* of counsel], for the defendant.

DYE, J. By purchase order dated December 24, 1934, the TERA, with offices at No. 79 Madison avenue, New York city, rented from the claimant a Sullivan air compressor. The machine was delivered January 12, 1935, in good condition, to the site of the Binghamton State Hospital, Binghamton, N. Y., and billed to the Emergency Work Bureau of Broome County. On February eleventh following, while the machine was in the possession of the project sponsor, it was damaged by fire to the extent of $843.47.

The claimant seeks to hold the State of New York for the damage thus suffered under its agreement with the TERA to return the machine in good condition.

Liability of the local municipal agency has heretofore been passed upon and established in *Bensonhurst National Bank* v. *City of New York* (252 App. Div. 689; affd., 277 N. Y. 722). The State is not liable for obligations arising out of the administration and expenditure of Federal funds by the TERA. (*Hofmann Packing Co., Inc.,* v. *State of New York,* 256 App. Div. 884.)

For the claimant to recover, it must show authority in law. (*People ex rel. Bankers Trust Co.* v. *Graves,* 270 N. Y. 316.) No such authority is created by chapter 798 of the Laws of 1931 and its amendments. Section 24 provides for the audit of claims and section 25 provides for the payment of claims but the claims contemplated are those submitted by the local relief agencies.

The claim, therefore, must be dismissed.