In the Matter of the Estate of JOHN P. GRIER, Deceased.

Surrogate's Court, New York County, May 14, 1942.

*Johnson & Shores*, for the petitioners.

*Donovan, Leisure, Newton & Lumbard*, for the respondents.

FOLEY, S. This is a contested accounting proceeding. The first objection filed by the residuary legatees to the account is sustained. It raised a question as to the power and authority of the executors to withhold from distribution the sum of $24,770.72 representing the total of the Federal estate tax apportioned as against the general legatees by a prior decree in a proceeding for the construction of the will. In that proceeding there was presented the specific question as to whether there was a direction in the will that the Federal and New York State estate taxes be paid out of the general estate and thus exclusively borne by the residuary legatees, or whether, in the absence of such a testamentary direction, the provisions of section 124 of the Decedent Estate Law should be applied and an allocation directed proportionally to the respective benefits of all of the general and residuary legatees.

In my decision in that proceeding I determined that section 124 was applicable because no contrary direction for the charging of the taxes had been made by the testator. (N. Y. L. J. June 10, 1941, p. 2604.) An appropriate decree carrying out such ruling was duly made on June 16, 1941. No appeal was taken from it by any of the parties.

Many months after the expiration of the time to appeal the Court of Appeals held in *Matter of del Drago* (287 N. Y. 61) that the terms of section 124 of the Decedent Estate Law violated the Federal Constitution. The executors now desire to withhold these moneys to await a determination of the appeal from that decision now pending in the United States Supreme Court.

In the event of a reversal, the question here involved would of course be academic since the constitutionality of the section would have been sustained and the prior decision and decree of the surrogate in that case would be correct. But even in anticipation of a possible affirmance by the United States Supreme Court, the present position of the executors is untenable. The prior decree of the surrogate construing the will and holding the provisions of the section applicable is conclusive here and *res judicata*. It may not be set aside or disregarded. Any error of law upon which the decree " was based cannot affect its finality." (*People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316, 320.) " Neither error nor invalidity, whether constitutional or otherwise, entering into such determination would have changed the rule of finality." (*People ex rel. Internat. Salt Co.* v. *Graves*, 267 N. Y. 149, 154; citing *Matter of Hoople*, 179 id. 308; *Second National Bank* v. *City of New York*, 213 id. 457; *Liberty Bank* v. *City of Buffalo*, 241 App. Div. 323; affd., 265 N. Y. 543; *Gorham Mfg. Co.* v. *Tax Comm.*, 266 U. S. 265; *Fourth Atlantic Nat. Bank* v. *City of Boston*, 300 Fed. 29; *Wheatland* v. *Boston*, 202 Mass. 258; 88 N. E. 769.) These rules were restated and applied by me in *Matter of Wollman* (172 Misc. 460; affd., 259 App. Div. 991; leave to appeal denied, 284 N. Y. 821.)

In the *Bankers Trust Co.* case just cited, determinations by the United States Supreme Court of the unconstitutionality of State statutes attempting to lay a tax on the transfers of securities of corporations organized under the law of such State, but owned by a non-resident decedent, were made after the final order in the transfer tax proceeding. Thereupon the executors and trustees of the estate sought in effect to reopen the tax proceeding and to obtain a refund under the Tax Law. The existence of such a right was denied. The Court of Appeals followed its prior decision in *People ex rel. Internat. Salt Co.* v. *Graves* (*supra*) and held that the unconstitutionality of the levy and the error of law which entered into the final order could not affect its conclusiveness.

Here likewise the decree construing the will is final, conclusive and *res judicata*. (Surr. Ct. Act, § 80.) It may not be reopened. (*Matter of Brennan*, 251 N. Y. 39; *Matter of Starbuck*, 248 id. 555.) A similar determination would be required to be made as to the conclusiveness of final decrees previously made in accounting proceedings which recognized the validity of section 124 of the Decedent Estate Law and directed an allocation of the Federal estate tax pursuant to its terms.

Distribution of the amount of the reserve of $24,770.72, which is now in the hands of the executors and earmarked as allocations

for Federal estate taxes, must be made to the residuary legatees. The decree to be entered herein may so direct by appropriate provision.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit decree on notice settling the account accordingly.