ANNA FEINBERG, Plaintiff, v. GEORGE J. FEINBERG et al.,
Defendants.

Supreme Court, Special Term, New York County, May 18, 1943.

*T. Bernard Eisenstein* for plaintiff.

*Alexander Savanuck* for George J. Feinberg, defendant.

*Ferdinand H. Rease* for New York Life Insurance Company, defendant.

*L. D. Fitzgerald* for Equitable Life Assurance Society of the United States, defendant.

BERNSTEIN, J. This action was brought by the plaintiff to compel her husband to comply with the terms of a separation agreement heretofore entered into between them, as reformed by a judgment of the Supreme Court, Bronx County, entered upon consent on November 13, 1942, so as to change the beneficiary clauses in two insurance policies. One of these policies was issued by New York Life Insurance Company and the other by Equitable Life Assurance Society of the United States, and those companies have been joined as parties defendant so as to make effective the relief sought. The defendant husband has interposed an answer which only denies the allegation of demand of compliance and sets up a combined defense and counterclaim and a second counterclaim. Upon the pleadings as thus framed and such affidavits as may properly be considered the plaintiff has now moved for summary judgment, judgment on the pleadings and other relief provided for by the Rules of Civil Practice.

Not only is the demand established by a letter of the plaintiff's attorney sent to the defendant on December 18, 1942, and by other credible evidence, but the commencement of the action is in itself a sufficient demand. The denial is therefore sham and raises no triable issue.

The combined defense and counterclaim merely seeks to procure a declaratory adjudication clarifying the words "containing the same provisions" in the separation agreement. Not only are those words clear and unambiguous but, since the occasion for a substitution of policies is neither imminent nor pressing and may even never arise, there is no existing dispute that renders such an adjudication useful and necessary. The plea is in nowise a defense to the plaintiff's cause of action and does not tend either to diminish or defeat it. It is consequently insufficient either as a defense or a counterclaim.

The second counterclaim seeks to modify the declaratory judgment rendered against the defendant in Bronx County by eliminating therefrom the provision that the plaintiff is his true and lawful wife. Under this plea the defendant claims that, although his Florida divorce decree had been procured by him

on the basis of a *bona fide* Florida domicile, he had consented to the declaratory judgment upon the advice of his counsel that said decree was invalid under the rule of *Haddock* v. *Haddock* (201 U. S. 562); that he has since learned that his decree was valid under the later rule of *Williams* v. *North Carolina* (317 U. S. 287), as interpreted by our own courts; and that, inasmuch as he has been remarried and has begotten two children upon the faith of that decree, he should be granted the relief sought.

That second counterclaim is clearly insufficient for many reasons. It seeks to correct in one action in this county a judgment rendered in another action in another county. It seeks to revise a judgment in a matter of substance " to meet some supposed equity subsequently called to its attention or subsequently arising." (*Herpe* v. *Herpe,* 225 N. Y. 323, 327; *United Appraisal Co.* v. *Fuca,* 250 App. Div. 739, affd. 277 N. Y. 726.) It seeks to modify a judgment entered upon a consent not induced by fraud or mutual mistake. (*Canfield* v. *Harris & Co.,* 252 N. Y. 502). It seeks to set aside for errors of law a judgment which is final and conclusive. (*Matter of Grier,* 178 Misc. 512, and cases there cited.) None of those things may be done.

Motion to dismiss the defense and counterclaims, and for judgment in favor of the plaintiff on the pleadings is granted. Settle order and judgment.