In the Matter of the Accounting of PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY et al., as Executors of BURT J. HUMPHREY, Deceased, Respondents.

CARRIE W. HUMPHREY, Petitioner.

Surrogate's Court, Queens County, July 29, 1943.

*Leon F. Simmonds* for petitioner.

*Austin & Du Pont* for respondents.

SAVARESE, S.  On June 23, 1942, a consent decree was made settling the final account of the executors and directing distribution.  Thereafter distribution was made pursuant thereto and appropriate receipts and releases given to the executors by the interested parties.  Carrie W. Humphrey, a legatee of one twelfth of the residuary estate, now moves to vacate the decree and to reopen the proceeding on the ground that a " clerical error and mistake of fact was made in said decree ". While the alleged " clerical error " and " mistake of fact " are not revealed in the moving papers, it is apparent from her counsel's brief that she feels aggrieved because of the failure to apportion the Federal estate tax in accordance with section 124 of the Decedent Estate Law.

Prior to the making of the decree the Court of Appeals had determined that section 124 of the Decedent Estate Law was void insofar as it provided for the apportionment of the Federal estate tax.  (*Matter of del Drago,* 287 N. Y. 61.)  In accordance with that decision the tax in question was charged against the residue.  The subsequent reversal of that decision by the United States Supreme Court in the case of *Riggs* v. *del Drago* (317 U. S. 95) did not affect the finality of the decree in the absence of an appeal therefrom.  Neither error nor invalidity, whether constitutional or otherwise, entering into such determi-

nation, can affect its finality. (*People ex rel. International Salt Co.* v. *Graves,* 267 N. Y. 149, 154; *People ex rel. Bankers Trust Co.* v. *Graves,* 270 N. Y. 316, 320.) In *Miller* v. *Tyler* (58 N. Y. 477), the court said: " A contrary doctrine would lead to the absurd necessity of correcting and modifying all judgments, whether existing and in force or satisfied and fully executed, upon the enunciation by a court of superior authority of a doctrine in conflict with and legally subversive of the principles upon which they were rendered. If judgments are erroneous they can only be reviewed and reversed or modified by error or appeal in the mode prescribed by law." In reversing the Court of Appeals, the Supreme Court determined that it had made an erroneous interpretation of the law, and this court, by following its decision, fell into like error. No clerical error is involved. The figures in the decree were computed on the basis that the tax was legally charged against the residue and were arithmetically correct. Naturally, as now asserted by the movant, the figures would be different if the tax were equitably apportioned pursuant to the statute. The resulting difference arises not from clerical error but from an erroneous construction and application of the law as to the distribution of the burden of the tax. The error was one of law. The Surrogate has no power under subdivision 6 of section 20 of the Surrogate's Court Act to correct an error of law. (*Matter of Putnam,* 220 App. Div. 34; *Herpe* v. *Herpe,* 225 N. Y. 323.) In the absence of an appeal taken from the decree its finality may not be reviewed by an attempt to modify it for alleged legal error. (*Matter of Davis,* 149 N. Y. 539; *Matter of Putnam, supra; Matter of Fletcher,* 219 App. Div. 5; *Matter of Wollman,* 172 Misc. 460; *Matter of Tierney,* 177 Misc. 1080, 1083.) The only remedy to correct an error of law is by an appeal taken within the prescribed time. (*Matter of Isham,* 170 Misc. 467; *Matter of Peck,* 131 App. Div. 81; *Matter of White,* 170 Misc. 657.) The effect of the judgment is not at all dependent upon the correctness of the verdict or finding upon which it was rendered. Error, if there was any, must be corrected by direct review. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306.) The decree is an adjudication and, unless an appeal is taken therefrom, is conclusive on all parties. (*Matter of Rice,* 56 App. Div. 253, 256; *Matter of Segall,* 287 N. Y. 52, 60; *Matter of Grier,* 178 Misc. 512.) The movant having failed to preserve her rights by taking an appeal, which she could not take in view of her consent to the making of the decree, the motion must be and is denied.