In the Matter of the Estate of FLORENCE C. ZINN, Deceased.

Surrogate's Court, New York County, July 27, 1945.

*Alexander G. Scheer* for Benjamin H. Stern, executor, petitioner.

*Mortimer M. Kassell, Francis Kelliher* and *Hamilton McInnes* for State Tax Commission, respondent.

DELEHANTY, S. The executors of deceased seek an order declaring that her estate is not liable for any additional estate tax under section 249-n of the Tax Law. Deceased died resident in this county leaving assets in this State and in the State of New Hampshire.

In the estate tax proceedings in this State an order was made *pro forma* fixing the New York estate tax at $14,825.85. In Federal estate tax proceedings higher values were given to

certain assets than those fixed by the New York taxing authorities and a Federal estate tax under the Revenue Act of 1926 was assessed in the sum of $20,675.04. Under that Revenue Act a credit up to 80% of this amount — $16,540.03 — was available to the estate for estate and inheritance taxes " actually paid to any State ". The pertinent provision in the Revenue Act of 1926 provides that " The credit   *   *   *   shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return *   *   * " (Revenue Act of 1926, § 301, subd. [b]; U. S. Code of Laws [1926 ed., Supp. I], tit. 26, § 1093).

In the Federal estate tax proceedings the executors claimed credit only for the estate tax actually assessed in the New York tax proceedings, — $14,825.85. The State now demands $688.53 as additional tax under the provisions of section 249-n of the Tax Law of New York. This State does not claim the whole difference between the credit claimed in the Federal estate tax proceedings and the maximum credit which would have been allowed if claimed but seeks only that proportion of such difference as the New York assets represent in the total estate of deceased.

So far as applicable here section 249-n of the Tax Law provides: " Notwithstanding any of the foregoing provisions of this section or any other provision of this article, there shall be imposed upon the transfer of the net estate of every person who at the time of death was a resident of this state, a tax equal to the maximum credit allowable to the estate of such decedent against the United States estate tax imposed with respect thereto, except that proper reduction of the amount of such tax shall be made on account of any real or tangible personal property forming a part of the gross estate of such decedent which is located outside of the state of New York; but the provisions of this paragraph shall in no event have the effect of reducing the tax otherwise imposed by this article."

This provision was added by chapter 322 of the Laws of 1932, effective March 21, 1932. Deceased died April 9, 1932. The cited chapter of the Laws of 1932 also amended section 249-w of the Tax Law to provide: " It shall be the duty of the executor of every estate which is subject to the United States estate tax to file with the tax commission a copy of the final determination thereof forthwith after the same is made." The executors made no attempt to comply with this requirement until demand was made upon them to do so. They then filed with the State Tax Commission a copy of the final

determination of the Federal estate tax with the result that demand was made for the additional sum of $688.53 with interest. In their prayer for relief the executors asked for remission of the penalty interest in the event the court holds that an additional tax is due. There is no dispute as to the principal amount due if the contention of the State Tax Commission is held to be valid in principle.

The court holds that the asserted tax liability exists and that the amount demanded must be paid with interest at 6%. It rejects the contention of the executors that there is invalidity in the quoted text of section 249-n. It rejects also the contention that only the New York assets may be valued for the purpose of computation. It rejects, too, the argument that affirmance of the position taken by the State Tax Commission would constitute the imposition by the State of New York of a tax on the property located outside the State.

All the contentions by the executors are based upon an attempt to read into the quoted sections of the Tax Law a construction which would render such provisions meaningless and absurd. Followed to their logical conclusion the contention by the executors is that neither New York nor New Hampshire could claim the additional credit which the Internal Revenue Act authorized the States to receive. The court ought not so read the statute (*Surace* v. *Danna,* 248 N. Y. 18, 21; *Lamport* v. *Smedley,* 213 N. Y. 82, 86). The claim of unconstitutionality is completely refuted by the authorities cited in *Matter of Thalmann* (177 Misc. 1055). The formula adopted by the State Tax Commission has the support of controlling authorities (*Maxwell* v. *Bugbee,* 250 U. S. 525; *Matter of Lagergren,* 276 N. Y. 184; *Matter of Harding,* 279 N. Y. 142).

The application to declare the estate free of further tax liability is denied. An order fixing the additional tax in the sum of $688.53 may be submitted. The application to fix the penalty interest at 6% is granted. Submit, on notice, order accordingly.