In the Matter of the Estate of CARRIE GUGGENHEIM, Deceased.

Surrogate's Court, New York County, July 27, 1945.

*John P. McArdle* for Otto L. Myers, executor, petitioner.

*Mortimer M. Kassell, Francis Kelliher, Abraham D. Levy* and *Hamilton McInnes* for State Tax Commission, respondent.

DELEHANTY, S. Deceased died a resident of this county leaving assets in New York and in California. Her executors here apply for an order declaring her estate exempt from the estate tax imposable under section 249-n of the Tax Law. The problem involved presents another aspect of the same legal question which is discussed in the decision released herewith in the estate of Florence C. Zinn (*Matter of Zinn*, 185 Misc. 604).

In the New York estate tax proceedings the tax in the sum of $5,677.71 was fixed by order *pro forma*. In the Federal estate tax proceeding a tax of $14,638.91 was imposed under the Revenue Act of 1926 (Revenue Act of 1926, § 301, subd. [b]; U. S. Code of Laws [1926 ed., Supp. I], tit. 26, § 1093). The executors duly claimed and were allowed the full 80% credit under that Revenue Act or $11,711.13.

The executors did not comply with section 249-w of the Tax Law and did not file with the State Tax Commission a copy of the final determination of the United States estate tax. The State Tax Commission eventually demanded payment of an additional estate tax in the sum of $1,799.55. The amount stated is the difference between the New York estate tax originally assessed and paid and that proportion of the full Federal credit which the New York assets bore to the whole estate of deceased.

Arguments not unlike those urged in *Matter of Zinn* (*supra*) are made here by the executors of deceased. The statutory scheme as a whole is a device for measuring the total tax exacted by the State of New York. The fact that there is disparity of impact between one estate and another is not a sound argument against the tax. The application of the formula is neither arbitrary nor capricious. It invades no constitutional rights.

For the further reasons stated in *Matter of Zinn* (*supra*) the application to declare the estate exempt from additional tax is denied. Submit, on notice, order fixing the additional tax in the sum of $1,799.55. The court has not been asked to make any determination in respect of penalty interest. The decision here made does not affect that question.