In the Matter of the Estate of Gustav W. Schroeder, Deceased.

Surrogate's Court, New York County, July 19, 1950.

*Hamilton McInnes* and *Abraham D. Levy* for State Tax Commission, appellant.

*Francis A. Booth* and *Guy G. Rutherford* for Guaranty Trust Company of New York and another, as executors of Gustav W. Schroeder, deceased, respondents.

Collins, S. This is an appeal by the State Tax Commission from the order of October 31, 1949, entered upon the supplemental report of the appraiser, modifying the original *pro forma* order of September 8, 1947, by adding thereto a determination that " there is no additional tax due the State of New York under section 249-n of the Tax Law." The ground of appeal is that the court had no jurisdiction to embody the supplemental determination in a modifying order but was required by the tax statute to make a separate and distinct order.

The appeal is denied. The Tax Commission places its principal reliance upon *Matter of Cary* (174 Misc. 111). But that case is squarely against it. There, the Tax Commission advanced the same contention it offers here. In rejecting the contention, Mr. Surrogate Wingate said (p. 113): " In so far as the order in question repeated verbatim portions of the previous order fixing the primary tax, it was surplusage and without effect." It is hard to see how the commission can derive any comfort from this language.

In any event, the order here in question was proper and within the plain provisions of the statute. The application for the order was made promptly after the final fixation of the Federal estate tax. In making its argument, the Tax Commission ignores the 1932 amendments to sections 249-n and 249-w of the Tax Law — amendments sponsored by itself (L. 1932, ch. 322; *Matter of Watson,* 185 Misc. 735, 740). Under the express permission of the amendment to section 249-w, the final determination of the total tax imposed under section 249-n may be deferred until the completion of the Federal estate tax proceedings. " The statutory scheme as a whole is a device for measuring the total tax enacted by the State of New York." (*Matter of Guggenheim,* 185 Misc. 606, 607, affd. 270. Div. 923, affd. 297 N. Y. 482, certiorari denied 332 U. S. 792). The statute as amended contemplates a final order that will make a complete determination of the total tax exacted under section 249-n (*Matter of Dee* v. *State Tax Commission,* 257 App. Div. 531, 534, affd. 282 N. Y. 617; *Matter of McLaughlin,* N. Y. L. J., July 11, 1941, p. 92, col. 4). Whether the order is called a " modifying " order, an " amending " order or a " supplemental " order would seem unimportant. Whatever the terminology, the objectives of the order are the same (*Matter of Isham,* 170 Misc. 467, 469).

Submit order on notice denying the appeal accordingly.